IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED TECHNOLOGIES CORPORATION | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. _____ |
| v. | ) ) | |
| WEBVENTION HOLDINGS LLC and WEBVENTION LLC, | ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff United Technologies Corporation ("UTC") files this complaint for declaratory judgment against the defendants Webvention Holdings LLC and Webvention LLC (collectively, "Webvention") and alleges the following:

### PARTIES

1.    Plaintiff UTC is a Delaware corporation and has a principal place of business at One Financial Plaza, United Technologies Building, Hartford, Connecticut 06101. UTC, among other things, does business through Pratt & Whitney ("P&W"), a division of UTC. P&W has a principal place of business at 400 Main Street, East Hartford, Connecticut 06108.

2.    Defendant Webvention Holdings LLC is a Delaware limited liability company. Webvention Holdings LLC can be served with process through its registered agent, Business Filings Incorporated, 108 West 13th Street, Wilmington, Delaware 19801. Webvention Holdings is the parent company of Webvention LLC.

3.    Defendant Webvention LLC is a Texas limited liability company and has a principal place of business at 505 East Travis Street, Suite 209, Marshall, Texas 75670. Webvention LLC can be served with process through its registered agent, Capitol Corporate

Services, Inc., 800 Brazos Street, Suite 400, Austin, Texas 78701. Webvention LLC is a wholly-owned subsidiary of Webvention Holdings LLC.

4.      On information and belief, Webvention LLC is the owner and assignee of U.S. Patent No. 5,251,294 ("the '294 patent") entitled "Accessing, assembling, and using bodies of information," which issued on October 5, 1993. A true and correct copy of the '294 patent is attached as Exhibit A.

5.      According to the Certificate of Formation of Webvention LLC, dated November 3, 2009, Webvention Holdings LLC is the sole manager of Webvention LLC. A true and correct copy of the Certificate of Formation of Webvention LLC is attached as Exhibit B.

6.      According to an Agreement and Plan of Merger, dated November 9, 2009, through which, upon information and belief, Webvention obtained the '294 patent, Webvention Holdings LLC is the agent of Webvention LLC. A true and correct copy of the Agreement and Plan of Merger is attached as Exhibit C.

7.      According to the Agreement and Plan of Merger, "Webvention Holdings LLC, a Delaware LLC is the sole member of ...," Webvention LLC.

8.      According to the Agreement and Plan of Merger, "As of the effective date of the merger Webvention Holdings LLC shall remain the sole member of the Surviving Company," Webvention LLC.

9.      Webvention Holdings executed the Agreement and Plan of Merger as the only manager and member of Webvention LLC.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action involves substantial claims arising under the United States Patent Act, 35 U.S.C. § 1 *et seq*.

11.     This Court may declare the rights and other legal relations of the parties pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, because there is a case of actual controversy within the Court's jurisdiction to provide a declaratory judgment that UTC and its division P&W do not infringe the '294 patent and that the '294 patent is invalid.

12.     Webvention Holdings LLC is subject to personal jurisdiction in Delaware by virtue of its incorporation under Delaware law.

13.     Upon information and belief, Webvention LLC is subject to personal jurisdiction in Delaware because Webvention Holdings, LLC, which is incorporated in Delaware, is the parent of Webvention LLC, is the agent of Webvention LLC, exercises control over Webvention LLC, is the sole member of Webvention LLC, and created Webvention LLC for the purpose of owning and enforcing the '294 patent.

14.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

## PRESENCE OF AN ACTUAL CONTROVERSY

15.     On November 30, 2010, Todd Schmidt of Webvention LLC sent a letter ("the November 30, 2010 letter") to Louis R. Chenevert, Chairman and CEO of UTC.  A true and correct copy of this letter is attached as Exhibit D.

16.     The November 30, 2010 letter states that "[w]e have reviewed Pratt & Whitney's website at www.pw.utc.com, and have prepared the enclosed claim chart demonstrating how the website utilizes claims 28, 37, and 40 of the '294 patent.  The screen shots used in the charts are

representative only. In addition to the charted claims, you should consider claims 29, 31-33, 41-44, 47, 53, 55, and 64. Depending on how the website was constructed, claims 1-8, 12-21, and 78 may also be utilized during the design and programming of the website, as well as other internal systems to organize and access information."

17.     The website www.pw.utc.com and the information and material presented on it are the property of UTC and P&W.

18.     The November 30, 2010 letter states that "For the next 45 days, Webvention is willing to license the '294 patent for a one-time, fully paid-up licensing fee of $80,000.00 for a non-exclusive, company-wide right to use Webvention's technology. The details of Webvention's license are set forth on the enclosed license agreement."

19.     The November 30, 2010 letter states that "We have retained The Davis Firm, P.C. (www.bdfirm.com) based in Longview, Texas, to assist the company in the licensing of the '294 patent."

20.     The November 30, 2010 letter states that "Webvention Licensing LLC reserves all rights with regard to the '294 patent, including: (1) the right to seek damages anytime within the last six years that your company started to make use of Webvention's patented technology."

21.     On July 20, 2010, Webvention filed a lawsuit against 19 companies, alleging infringement of the '294 patent. That case is styled *Webvention LLC v. Abercrombie & Fitch, Co., et al.,* Case No. 2:10-cv-253 and is pending in the Eastern District of Texas, Marshall Division.

22.     The same counsel, The Davis Firm, mentioned in the November 30, 2010 letter represents Webvention in the *Abercrombie & Fitch* action.

23.     Upon information and belief, many, if not all of the *Abercrombie & Fitch* action defendants received letters, similar to the November 30, 2010 letter, from Webvention prior to the filing of the *Abercrombie & Fitch* action.

24.     On October 5, 2010, Webvention filed a lawsuit against 20 companies, alleging infringement of the '294 patent. That case is styled *Webvention LLC v. Adidas America Inc., et al.*, Case No. 2:10-cv-410 and is pending in the Eastern District of Texas, Marshall Division.

25.     The same counsel, The Davis Firm, represents Webvention in the *Adidas America* action.

26.     Upon information and belief, many, if not all of the *Adidas America* action defendants received letters, similar to the November 30, 2010 letter, from Webvention prior to the filing of the *Adidas America* action.

27.     Fourteen companies have filed suits in the District of Delaware requesting declaratory judgment relief from Webvention's allegations of patent infringement. Those cases are styled *Novartis Corporation v. Webvention Holdings LLC and Webvention LLC*, C.A. No. 10-793-GMS (filed Sept. 17, 2010); *Tenneco Automotive Operating Company Inc. v. Webvention Holdings LLC and Webvention LLC*, C.A. No. 10-824-GMS (filed Sept. 28, 2010, dismissed Oct. 28, 2010); *Randstad Holding N.V. v. Webvention Holdings LLC and Webvention LLC*, C.A. No. 10-877-GMS (filed Oct. 13, 2010, dismissed Nov. 23, 2010); *TriMas Corp. v. Webvention Holdings LLC and Webvention LLC*, C.A. No. 10-881-GMS (filed Oct. 14, 2010, dismissed Nov. 15, 2010); *Instinet Inc. v. Webvention Holdings LLC and Webvention LLC*, C.A. No. 10-888-GMS (filed Oct. 15, 2010, dismissed Dec. 3, 2010); *American Apparel Inc.. v. Webvention Holdings LLC and Webvention LLC*, C.A. No. 10-936-GMS (filed Nov. 1, 2010, dismissed Jan. 5, 2011); *1-800 Contacts Inc. v. Webvention Holdings LLC and Webvention LLC*, C.A. No. 10-

942-GMS (filed Nov. 3, 2010, dismissed Nov. 23, 2010); *Five Star Quality Care Inc. v. Webvention Holdings LLC and Webvention LLC*, C.A. No. 10-948-GMS (filed Nov. 5, 2010, dismissed Nov. 16, 2010); *Scholastic Inc. v. Webvention Holdings LLC and Webvention LLC*, C.A. No. 10-966-GMS (filed Nov. 10, 2010); *TA Operating LLC v. Webvention Holdings LLC and Webvention LLC*, C.A. No. 10-993-GMS (filed Nov. 19, 2010); *Furniture Brands International Inc., et al. v. Webvention Holdings LLC and Webvention LLC*, C.A. No. 10-1090-GMS (filed Dec. 13, 2010); *Lawson Software Inc. and Lawson Software Americas, Inc. v. Webvention Holdings LLC and Webvention LLC*, C.A. No. 10-1098-GMS (filed Dec. 15, 2010); *AS America Inc. v. Webvention Holdings LLC and Webvention LLC*, C.A. No. 11-47-UNA (filed Jan. 12, 2011); and *St. Joseph Health System v. Webvention Holdings LLC and Webvention LLC*, C.A. No. 11-48-UNA (filed Jan. 13, 2011).

28.     Upon information and belief, many, if not all of the declaratory judgment plaintiffs received letters, similar to the November 30, 2010 letter, from Webvention prior to the filing of the declaratory judgment actions in the District of Delaware.

29.     Upon information and belief, Webvention LLC is solely a licensing entity, and without enforcement, it receives no benefits from the '294 patent.

30.     UTC reasonably believes that, under all the circumstances, there is a substantial controversy between UTC and Webvention due to Webvention's licensing and enforcement activities and infringement allegations against UTC based on the website of UTC's P&W division. In light of the January 14, 2011 deadline imposed by Webvention, this controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNT I – DECLARATORY JUDGMENT OF NONINFRINGEMENT

31.     UTC re-alleges and incorporates by reference all of the foregoing paragraphs.

32.     The '294 patent includes 15 independent claims: claims 1, 2, 22, 28, 58, 59, 64, and 70 through 77.

33.     UTC and its divisions and subsidiaries do not, via P&W's website, www.pw.utc.com, or any other UTC or UTC subsidiary or division website, individually or collectively, infringe, either directly, indirectly, by contribution, or by inducement, or in any other way, any claim of the '294 patent, either literally or under the doctrine of equivalents, willfully or otherwise.

### COUNT II – DECLARATORY JUDGMENT OF INVALIDITY

34.     UTC re-alleges and incorporates by reference all of the foregoing paragraphs.

35.     On information and belief, the claims of the '294 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

36.     More specifically, the claims of the '294 patent are not valid for the reasons set forth in the Request for *Ex Parte* Reexamination filed with the United States Patent and Trademark Office on October 29, 2010 and assigned control number 90/011,208 and for the reasons set forth in the Request for *Ex Parte* Reexamination filed with the United States Patent and Trademark Office on September 13, 2010 and assigned control number 90/011,229.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A.     A declaratory judgment that UTC and it subsidiaries and divisions do not, via P&W's website, www.pw.utc.com, or any other UTC or UTC subsidiary or division website, individually or collectively, infringe and have not infringed, literally or by equivalents, directly or by inducement or contributory infringement, any claim of the '294 patent;

B.      A declaratory judgment that the claims of the '294 patent are invalid;

C.      A judgment finding this case exceptional and awarding UTC its costs and reasonable attorneys' fees under 35 U.S.C. § 285; and

D.      A judgment awarding UTC such other and further relief as is just and equitable.

**JURY DEMAND**

Plaintiffs demand that all claims and causes of action raised in this complaint against Defendants be tried to a jury.

Respectfully Submitted,

OF COUNSEL:

POTTER ANDERSON & CORROON LLP

Roderick B. Williams
James W. Warriner
K&L Gates LLP
111 Congress Avenue, Suite 900
Austin, Texas 78701
Tel: (512) 482-6800

By:   /s/ David E. Moore
      Richard L. Horwitz (#2246)
      David E. Moore (#3983)
      Hercules Plaza, 6th Floor
      1313 N. Market Street
      Wilmington, DE 19899
      Tel. (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com

David M. McDonald
K&L Gates LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Tel. (206) 623-7580

*Attorneys for Plaintiffs*
*United Technologies Corporation*

Dated:  January 18, 2011
997163 / 36443